AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JUAN JOSE RESENDIZ-GONZALEZ | ) Case No. |
| | ) 3:25-mj- 1088-LLL |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 18, 2025** in the county of **Duval** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC § 1326 | Illegal Re-entry after previously being deported |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Scott R. Kraich, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 18, 2025

_____
Judge's signature

City and state: Jacksonville, FL     Laura Lothman Lambert, U.S. Magistrate Judge
*Printed name and title*

## CRIMINAL COMPLAINT AFFIDAVIT

I, Scott R. Kraich, being a duly sworn and appointed Special Agent for the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), hereby declare as follows:

1.  I am a Special Agent for the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been since November 2008. Previously, I was employed as a Correctional Probation Senior Officer and Correctional Probation Officer for the Florida Department of Corrections for approximately nine years and six months. I received a Bachelor of Science in Criminology from Florida State University in December 1993. I have training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants to include complaints and arrest warrants related to violations of federal laws involving immigration offenses.

2.  The information set forth in this affidavit is based on my personal knowledge, as well as information obtained from other sources, either involved in the investigation or who have personal knowledge of the facts herein. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation for this affidavit. Rather, it only includes the information necessary to support a finding of probable cause.

3. On February 17, 2025, I called ICE's Law Enforcement Support Center ("LESC") in Vermont. LESC personnel advised that JUAN JOSE RESENDIZ-GONZALEZ was ordered removed from the United States on July 21, 2008. He was deported or removed from the United States to Mexico on July 23, 2008, and again, on December 3, 2013. I also asked LESC personnel to run immigration service database / computer checks on RESENDIZ-GONZALEZ to determine if there was any record that he had ever applied for or received permission to return to the United States. These checks by LESC personnel determined that RESENDIZ-GONZALEZ has never sought or received such permission.

4. On February 17, 2025, I reviewed a Decision and Order of the Immigration Judge. This document reflects an Immigration Judge ordered RESENDIZ-GONZALEZ removed to Mexico on July 21, 2008. I also conducted ICE immigration service database / computer checks on RESENDIZ-GONZALEZ. These checks revealed he had been previously deported or removed from Miami, Florida to Mexico on July 23, 2008, and again, from Brownsville, Texas to Mexico on December 3, 2013.

5. On February 18, 2025, HSI Special Agent ("SA") J. O'Keefe told me that RESENDIZ-GONZALEZ was encountered on the same date near the intersection of Ripley Street and Spring Park Blvd. in Jacksonville, Florida. SA O'Keefe asked RESENDIZ-GONZALEZ if he had any documents allowing him to remain in the United States legally. RESENDIZ-GONZALEZ responded, "No."

SA O'Keefe asked him if he was illegally present in the United States and RESENDIZ-GONZALEZ replied, "Yes." RESENDIZ-GONZALEZ also stated he was born in and is a citizen of Mexico.

6. SA O'Keefe then administratively arrested RESENDIZ-GONZALEZ, after determining that he was a Mexican citizen who was believed to be illegally present in the United States. RESENDIZ-GONZALEZ was subsequently transported to the HSI office in Jacksonville, Florida for administrative immigration processing.

7. During immigration processing, SA O'Keefe told me that he entered RESENDIZ-GONZALEZ's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of individuals who had been entered into the database, after having been encountered by immigration authorities. The system returned a match and reflected that RESENDIZ-GONZALEZ had been previously encountered and had been assigned an Alien Registration number ("A-number"). I then conducted additional ICE database / computer checks using the A-number. Based on these checks, I determined that records showed RESENDIZ-GONZALEZ is a citizen of Mexico who was ordered removed on July 21, 2008. These checks revealed he had been previously deported or removed from Miami, Florida to Mexico on July 23, 2008, and again, from Brownsville, Texas to Mexico on December 3, 2013.

8.      On February 18, 2025, ICE Deportation Officer (DO) Juan Hernandez, a Spanish speaker, read RESENDIZ-GONZALEZ his Miranda rights from an ICE Statement of Rights form. RESENDIZ-GONZALEZ signed the ICE Statement of Rights form agreeing to speak with me and DO Hernandez without an attorney present. During this interview, RESENDIZ-GONZALEZ stated he was born in Mexico. He acknowledged he did not have any immigration documents or applications to be in the United States legally and he was illegally present in the United States. RESENDIZ-GONZALEZ stated he last entered the United States in 2020 on foot from Matamoros, Mexico to Texas and he paid a "coyote" $4,500 to be illegally smuggled into the United States. He acknowledged he was not inspected and legally admitted to the United States by an immigration officer. RESENDIZ-GONZALEZ stated he was previously deported from the United States to Mexico about 10 years ago, and then again about five years prior to that. I advised RESENDIZ-GONZALEZ the records reflected he was previously deported on December 3, 2013, and on July 23, 2008, and he acknowledged this was correct.

9. Based upon the foregoing, there is probable cause to believe that JUAN JOSE RESENDIZ-GONZALEZ is an alien who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Scott R. Kraich, Special Agent
Homeland Security Investigations
Jacksonville, Florida

Sworn to and subscribed before me this 18 day of February 2025.

_____
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

5